358 So.2d 981 (1978)
Jerry Joseph FONTENOT et al.
v.
STATE of Louisiana Through the DEPT. OF HIGHWAYS et al.
Robert McCONNELL et al.
v.
UNITED STATES FIDELITY & GUARANTY COMPANY et al.
No. 11919.
Court of Appeal of Louisiana, First Circuit.
February 21, 1978.
*982 Gordon R. Crawford, Asst. Dist. Atty., Gonzales, for defendants-relators.
Alton T. Moran, Baton Rouge, for plaintiffs-respondents.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
On application of the Ascension Parish Police Jury we issued an alternative writ to recall an order for a judgment debtor examination or for the court and the plaintiffs to show cause why not. Plaintiffs have filed a brief asserting they should be allowed to hold the examination.
La.Const. of 1974, Article 12, Section 10(C) reads as follows:
"(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered."
LSA-R.S. 13:5109-B reads as follows:
"B. Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision."
The judgment debtor examination is provided by C.C.P. Art. 2451 which reads as follows:
"In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, . . ."
The police jury argues that since the rule is to be used in the execution of a judgment and since its property cannot be seized it should not be subjected to the examination. Plaintiffs contend that the above provisions are inconsistent with the waiver of immunity from suit and from tort liability and should be interpreted somehow as to allow them to proceed to collect their judgment by seizure or by mandamus and that the judgment debtor rule should be therefore allowed. The first method, that is seizure, has been discussed in Foreman v. Vermilion Parish Police Jury, 336 So.2d 986 (La.App. 3d Cir., 1976), writ refused, La., 339 So.2d 846. The result was contrary to plaintiffs' contentions.
Next plaintiffs assert they should be allowed to mandamus the police jury to appropriate the funds for the payment of the judgment, on the grounds that the discretionary power of a political subdivision cast in judgment to refuse to pay has been removed and therefore the appropriation process has been converted into a ministerial duty amenable to mandamus. We disagree. The appropriation of funds by a legislative body has been almost universally held to be discretionary, not ministerial. We find nothing in the Constitution or recent jurisprudence to compel a contrary result.
We therefore hold that the police jury should not be required to submit to a judgment debtor rule.
*983 Our decision on this point removes the necessity of considering whether the examination can be held in Baton Rouge and who should pay the costs.
The rule is made peremptory and the lower court is ordered to recall its order allowing the judgment debtor examination of the Ascension Parish Police Jury.
Writ made peremptory.