EDWARDS, Judge.
Appellee, Sherry Penalber, sustained injuries when the front wheels of the automobile in which she was riding fell through a cattle guard on McLin Road in Livingston Parish. Penalber brought this action against the driver of the automobile, Kirby Blount, the Town of Livingston, and the Livingston Parish Police Jury. After trial on the merits, the trial court rendered judgment in favor of Sherry Penalber and against the Livingston Parish Police Jury. Sherry Penalber was awarded $14,500 in damages. Her claims against the driver of the car and the Town of Livingston were dismissed.
The judgment in this case was rendered on January 29,1980. On April 10,1980, the police jury voted to pay Penalber $14,500 to satisfy her judgment On April 22, 1980, the police jury rescinded its prior resolution which had authorized payment of the judgment.
Penalber filed a petition on September 2, 1980, requesting the district court to issue a writ of mandamus ordering the police jury to pay the judgment. The trial court denied the writ of mandamus.
*1379 On November 24, 1980, the police jury secured an order for a suspensive appeal. This appeal was held to be timely despite the unusual time lapse between the date of judgment and the petition for appeal. Penalber v. Blount, 405 So.2d 1376 (La.App. 1st Cir. 1981). The notice of the signing of judgment did not indicate the date on which it was mailed. Therefore, there was no date established from which the delays for appealing could run.
Penalber answered the police jury’s appeal, seeking an increase in the damage award and asserting that the district court erred in denying the requested writ of mandamus. The Town of Livingston also answered the appeal, asserting that the police jury’s appeal was frivolous and seeking an award of damages for its defense of the suit. Subsequently, all parties filed a Joint Motion to Partially Dismiss Appeal, which was granted. All portions of the appeal were dismissed with the exception of that part dealing with Penalber’s application for a writ of mandamus.
LSA-Const. Art. 12, Sec. 10(C), provides: “Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered.”
The appropriation of funds by a public body is a discretionary, not ministerial duty, and cannot be compelled by a writ of mandamus. Fontenot v. Department of Highways, 358 So.2d 981 (La.App. 1st Cir. 1978).
Plaintiff acknowledges that mandamus will not lie to compel appropriations of funds by a public body. However, she asserts that the original police jury resolution, which authorized payment of the judgment, was passed pursuant to a settlement agreement. She notes that the accrual of legal interest has brought the total judgment value to over $20,000. Penalber contends that mandamus should be available to enforce this settlement agreement.
The record on appeal contains no evidence of any such compromise agreement. LSA-C.C. Art. 3071 requires that such an agreement be reduced to writing. In the absence of a valid written compromise agreement, the police jury had the discretion to rescind its earlier resolution authorizing payment of the judgment.
Plaintiff has failed to demonstrate that the trial court erred in denying the writ of mandamus.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are to be paid by appellee, Sherry Penalber.
AFFIRMED.