406 So.2d 770 (1981)
DE LAUREAL ENGINEERS, INC.
v.
ST. CHARLES PARISH POLICE JURY.
No. 12049.
Court of Appeal of Louisiana, Fourth Circuit.
November 12, 1981.
Rehearing Denied December 18, 1981.
Murray, Murray, Ellis, Braden & Landry, Michael H. Ellis, New Orleans, and Steven F. Griffith, Sr., Destrehan, for plaintiff-appellant.
Before SAMUEL, BOUTALL and CHEHARDY, JJ.
CHEHARDY, Judge.
Plaintiff, De Laureal Engineers, Inc., appeals a district court decision in favor of defendant, St. Charles Parish Police Jury, and against the plaintiff denying and dismissing its demand for issuance of writs of seizure and garnishment and also denying and dismissing its demand for injunctive relief.
Plaintiff in the present case sought to make executory a judgment by this court, reversing the district court and awarding the plaintiff $37,514.80 with legal interest from February 15, 1973 until paid.
In his written reasons for judgment the trial court judge said:
"Plaintiff, a judgment creditor of defendant, seeks to have this court make its judgment executory and issue writs of seizure and garnishment, and to enjoin further spending of public funds by the jury.
"La.Const.Art. 12, Sec. 10(C), in part provides that the legislature shall provide for the effect of a judgment against a political subdivision but that no public funds or public property shall be subject to seizure and that no judgment against a political subdivision shall be exigible, payable or paid except from funds appropriated therefor by the political subdivision.
"RS 13:5109(B), provides in part that any judgment rendered against a political subdivision shall be exigible, payable and paid only out of funds appropriated for that purpose by the political subdivision.
"Firstly, there is no need to make the judgment executory. It is executory but can only be paid from funds appropriated for that purpose.

*771 "Secondly, this court cannot order either seizure or garnishment of the public funds or public property of the Police Jury: Const. Art. 12:10C; Foreman v. Vermilion Parish Police Jury, 336 So.2d 986 [(La.App.)].
"Finally, there is no law that would allow this court to enjoin the Police Jury from expending public funds or disposing of public property."
We agree and affirm. LSA-Const. Art. 12, § 10 states:
"(A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
"(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
"(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered."
Additionally, LSA-R.S. 13:5108(B) states:
"Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision."
In the case of Fontenot v. State Depart, of Highways, 358 So.2d 981 (La.App. 1st Cir. 1978), the court stated at 982:
"Next plaintiffs assert they should be allowed to mandamus the police jury to appropriate the funds for the payment of the judgment, on the grounds that the discretionary power of a political subdivision cast in judgment to refuse to pay has been removed and therefore the appropriation process has been converted into a ministerial duty amenable to mandamus. We disagree. The appropriation of funds by a legislative body has been almost universally held to be discretionary, not ministerial. We find nothing in the Constitution or recent jurisprudence to compel a contrary result.
"We therefore hold that the police jury should not be required to submit to a judgment debtor rule."
In a brief per curiam order in Fontenot, the Supreme Court, at 355 So.2d 1324 (1978), reversed the appellate court judgment, however, and reinstated the judgment debtor rule. However, the court noted its order was not intended to affect proceedings beyond the judgment debtor examination, therefore not determining if the plaintiff had the right to execute his judgment through seizure or mandamus.
In the case of Foreman v. Vermilion Parish Police Jury, 336 So.2d 986, 988-989 (La. App. 3d Cir. 1976), the court also addressed the issue of whether any public property could be seized to satisfy a judgment:
"Foreman contends, finally, that the trial court judgment, which prohibits him from seizing and selling property owned by the Police Jury to satisfy his judgment, denies him `justice and equal protection of the laws.' Article 12, Section 10(A), of the Louisiana Constitution of 1974 provides that a political subdivision is not immune from `suit and liability' for injury to person or property. Foreman takes the position that the judgment appealed from, decreeing in effect that the Police Jury is immune from `seizure,' conflicts with the cited section of the constitution which provides that it is not immune from `suit and liability.' His argument is that by granting the Police Jury *772 immunity from seizure, the trial court judgment also grants it immunity from suit and liability, in violation of the provisions of the constitution, since it deprives the judgment creditor of a means of enforcing payment of the debt for which the Jury is liable.
"We construe the above argument to be (1) that there is a conflict in the provisions of Article 12, Section 10, of the Louisiana Constitution which should be resolved in favor of the judgment creditor, and (2) that LSA-R.S. 13:5109-B, and La.Const.1974, Art. 12, Sec. 10(C), are invalid on the ground that they violate the "due process of law" and the "equal protection of the laws" provisions of the Fourteenth Amendment of the United States Constitution.
"We find no conflict between Section 10(A) and Section 10(C), of Article 12, of the constitution. Neither do we find a conflict between LSA-R.S. 13:5109-B and Section 10(A), which provides that a political subdivision is not immune from suit or liability. The first cited section of the constitution, and LSA-R.S. 13:5109-B, merely provide a method by which judgments rendered against the state or its political subdivisions may be paid. They do not conflict with the provisions of the constitution that the state or its subdivisions are not immune from suit or liability.
"The state clearly has the right to regulate the way in which judgments against its political subdivisions can be paid, and to prohibit the seizure of property owned by those subdivisions. In our opinion, the methods provided in the above cited statutes and constitutional provisions do not offend the rights granted to the judgment creditor by the Fourteenth Amendment of the Federal Constitution."
LSA-C.C.P. art. 3862 also states, regarding mandamus:
"A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; provided, however, that no court shall issue or cause to be issued a writ of mandamus to compel the expenditure of state funds by any state department, board or agency, or any officer, administrator or head thereof, or any officer of the state of Louisiana, in any suit or action involving the expenditure of public funds under any statute or law of this state, when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature."
LSA-Const. Art. 12, § 10(C) provides that no judgment shall be payable except from funds appropriated therefor by the political subdivision. Under Fontenot, supra, with which we agree, appropriation of funds is discretionary and not ministerial, and mandamus will not lie to compel payment of a judgment by a police jury.
Even were we to extend the application of LSA-C.C.P. art. 3862 to political subdivisions we would note that in the present case Roland Becnel, secretary-treasurer of the St. Charles Police Jury, testified that all of the funds belonging to the Police Jury had been dedicated since November of 1979, prior to the December 27, 1979 and February 29, 1980 hearings in the case and accordingly there would be no abuse of discretion in the Police Jury's not appropriating, at that time, funds sufficient to satisfy the plaintiff's judgment against it.
For the reasons assigned herein, the trial court judgment is affirmed.
AFFIRMED.