516 So.2d 1268 (1987)
NORTH CENTRAL UTILITIES, INC., Plaintiff-Appellant,
v.
EAST COLUMBIA WATER DISTRICT, Defendant-Appellee.
No. 19175-CA.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1987.
*1269 Joe D. Guerriero, Monroe, for plaintiff-appellant.
Minard & Mixon by Cameron C. Minard, Columbia, for defendant-appellee.
Before HALL, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
This appeal was taken following the action of the trial court quashing and recalling an order issued for a judgment debtor examination filed by North Central Utilities, Inc., against East Columbia Water District, a public body which is a political subdivision of the state of Louisiana.
The plaintiff, North Central Utilities, filed suit against East Columbia Water District to have a favorable arbitration award recognized and made the judgment of the district court. The district court rejected plaintiff's demands. In a previous decision by this court, North Central Utilities, Inc. v. East Columbia Water District, 480 So. 2d 901 (La.App. 2d Cir.1985), writ not considered 481 So.2d 1329 (La.1986), we reversed the trial court judgment and ordered that the award be recognized and confirmed. East Columbia Water District was ordered to pay $25,061.72, plus all administrative fees and expenses incurred by North Central Utilities with the American Arbitration Association, plus all costs in both the trial and appellate courts.
The defendant has declined to pay the judgment. Therefore, in order to execute on the judgment, the plaintiff filed a motion to require a representative of the East Columbia Water District to submit to a judgment debtor examination. The defendant responded by filing a rule to show cause why it should be compelled to be examined. After a hearing, the trial court made the rule absolute and accordingly, quashed and recalled the order for a judgment debtor examination.

MOTION TO DISMISS
The trial court signed a judgment on February 9, 1987, dismissing plaintiff's motion for a judgment debtor examination.
*1270 Plaintiff then filed a motion for devolutive appeal and the trial court granted the appeal. After the appeal was lodged in this court, the defendant-appellee, East Columbia Water District, filed a motion seeking dismissal of the appeal. The defendant contends that the judgment was not a final judgment, but instead, was an interlocutory judgment which could not be appealed. LSA-C.C.P. Arts. 1841, 2083.
By definition, the judgment before us is not a final judgment because it does not determine the merits, in whole or in part. A judgment debtor examination is closely akin to a discovery measure, and, as such, the judgment dissolving it is more appropriately described as interlocutory.
An appeal may be taken from an interlocutory judgment, upon a showing of irreparable injury. LSA-C.C.P. Art. 2083. The plaintiff has made no showing of irreparable injury in this case. However, the plaintiff has evidenced a strong desire to seek appellate review of the trial court's decision. A court of appeal has plenary power to exercise supervisory jurisdiction over district courts. That decision is within the discretion of the court. Judicial efficiency and fundamental fairness to the litigants dictate that we utilize these supervisory powers to consider this case at this time. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981); Picou v. Ferrara, 404 So.2d 1265 (La.App. 4th Cir.1981), reversed on other grounds 412 So.2d 1297 (La.1982).
The record already being before us, the interests of justice would best be served by considering the matter now. Sonnier v. Gray Tool Co., 359 So.2d 1111 (La.App. 3rd Cir.1978), writ denied 362 So.2d 800 (La. 1978); Metcalf v. Pool & Home Care, 467 So.2d 610 (La.App. 3rd Cir.1985); Goulas v. Goulas, 475 So.2d 134 (La.App. 3rd Cir. 1985). To do otherwise would be a needless waste of the time and efforts of the litigants and their attorneys, as well as the court. If this appeal was merely dismissed, the appellant could, and probably would, immediately apply for supervisory writs. The identical record which is presently before us on appeal would be brought back before this court on a writ application.
Thus, we treat the appeal as an application for supervisory writs, which we grant, in order to consider the matter at this time.

JUDGMENT DEBTOR EXAMINATION
The issue presented in this case is whether a political subdivision of the state, which is a judgment debtor, but where no appropriation to pay the judgment has been made, can be subjected to a judgment debtor examination. The following statutes and constitutional provisions are applicable.
LSA-C.C.P. Art. 2451 provides that:
In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Article 1421 through 1515 or as provided in Articles 2452 through 2456.
La. Const. of 1974, Art. 12, § 10 provides:
Section 10. (A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision *1271 against which judgment is rendered.
LSA-R.S. 13:5109(B)(2) states as follows:
B.(2) Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision.[1]
When the 1974 Constitution was adopted, it abolished governmental immunity. However, as seen above, no specific provisions were made for execution of judgments. To the contrary, Article 12, § 10(C) expressly protects public property and funds from seizure to satisfy a judgment.
In the present case, the trial court case agreed with the defendant that a judgment debtor examination is designed to aid in the execution of the judgment. The trial court noted that the governing body of the East Columbia Water District, the political subdivision involved in this case, had not made a special appropriation to pay the judgment, and none of its property could be seized. Thus, the court determined that a judgment debtor examination would be a vain and useless exercise. Accordingly, the judgment debtor rule was dismissed.
The issue before us has been previously considered by our brethren of the First Circuit. In Fontenot v. the Department of Highways, 358 So.2d 981 (La.App. 1st Cir. 1978), a police jury against which execution of a judgment was sought, argued that since its property could not be seized to satisfy the judgment, it should not be subjected to a judgment debtor examination. The court agreed. It found that the property of the police jury could not be seized, citing Foreman v. Vermilion Parish Police Jury, 336 So.2d 986 (La.App. 3rd Cir. 1976), writ refused, 339 So.2d 846 (La. 1976). Additionally, the court held that mandamus could not be utilized against the police jury to compel payment of the judgment because the appropriation of funds by a legislative body is discretionary, not ministerial.
However, the judgment of the court of appeal in Fontenot was reversed by the Louisiana Supreme Court. In a brief per curiam decision, the Supreme Court reversed and ordered that the judgment debtor rule be reinstated. The Supreme Court went on to state, "[H]owever, this order is not intended to effect proceedings beyond the judgment debtor examination." See 355 So.2d 1324 (La.1978). The case was later settled by the parties and no further proceedings were held. (The Supreme Court's per curiam decision was published prior to publication of the appellate court decision and erroneously cites the appellate court decision as 346 So.2d 849 (La.App. 1st Cir.1977)).
In light of the Supreme Court's decision in Fontenot, supra, the trial court erred in denying plaintiff the opportunity to examine the defendant as a judgment debtor. To what end remains to be seen, since the Supreme Court specifically stated in Fontenot that its order only permitted the judgment debtor examination. Whether plaintiff may be entitled to further relief following the judgment debtor examination is not before us for decision.
However, we note that the precise meaning of the Supreme Court's Fontenot decision has been widely discussed. A law review consideration of the decision concluded as follows:
Although the order counsels against any assumption that it was considering any issue but that of the judgment debtor examination, it is difficult to see why the *1272 court would order the examination if it could provide no practical benefit for the plaintiff. Perhaps the most logical appraisal of the court's opinion is that it continues to give the legislature the opportunity to enact a statute requiring local governments to pay judgment creditors, but at the same time it hints that Foreman may not be the last word if the legislature fails to act. Murchison, "The Work of the Louisiana Appellate Courts for the 1977-1978 Term: Local Government Law, 39 La.L.Rev. 843, 869-871 (1979)."
Foreman, supra, was decided by the Third Circuit Court of Appeal. The Louisiana Supreme Court refused to grant writs. In Foreman, the Third Circuit found that there was no conflict between Sections 10(A) and 10(C) of Article 12 of the Constitution. Section 10(A) states that a political subdivision is not immune from suit and liability, and Section 10(C) protects public property and funds from seizure. Nor was there any conflict between Section 10(A) and LSA-R.S. 13:5109(B). The court also found these sections did not violate due process or equal protection under the Fourteenth Amendment of the U.S. Constitution. Two other courts of appeal have cited Foreman as resolving the constitutional issues of equal protection and due process against judgment creditors. See DeLaureal Engineers, Inc. v. St. Charles Parish Police Jury, 406 So.2d 770 (La.App. 4th Cir.1981), writ denied 410 So.2d 758 (La. 1982); State, Department of Transportation & Development v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1st Cir. 1985), writ denied 478 So.2d 909 (La.1985).
A 1981 opinion of the Louisiana Attorney General indicated that the Louisiana Supreme Court had not yet definitely ruled upon whether the equal protection or due process rights of a judgment creditor may be violated when it is unable to enforce its judgment against a political subdivision of the state. It concluded that, pending further rulings of the Supreme Court, judgment creditors are limited by LSA-R.S. 13:5109. Unless due process or equal protection rights are violated, judgment creditors are "without practical recourse for enforcement of money judgments rendered against the state or a political subdivision." Opinion-Attorney General, No. 81-223, May 1, 1981.
Recently, the Louisiana Supreme Court has denied writs in cases dealing with the equal protection or due process issues. DeLaureal Engineers, Inc., supra and Sugarland Ventures, Inc., supra. However, cautious suggestions have been made by individual judges and law review commentators that these avenues may yet provide some relief to unsatisfied judgment creditors, if only in the federal courts. Hargrave, "The Work of the Louisiana Appellate Courts for the 1977-1978 TermLouisiana Constitutional Law," 39 La.L.Rev. 807, 818-819 (1979); Murchison, "Developments in the Law, 1981-1982Local Government Law," 43 La.L.Rev. 462, 487-489 (1982); and Hargrave, "`Statutory' and `Hortatory' Provisions of the Louisiana Constitution of 1974," 43 La.L.Rev. 647, 653-657 (1983); and Justice Dennis' concurrence in the denial of writs in DeLaureal Engineers, Inc., supra.
Whether information developed by a judgment debtor examination in this case will lead to some other remedy which the judgment creditor may employ to enforce collection of its judgment, or support some other basis for relief, we are not called upon to decide. However, in Fontenot, supra, the Louisiana Supreme Court has clearly held that plaintiff is entitled to conduct a judgment debtor examination under the circumstances we find here. The trial court was in error in denying plaintiff that relief.
Accordingly, we reverse the decision of the trial court and order the reinstatement of the judgment debtor examination. To the extent allowable by law, costs here and in the trial court below are assessed to appellee, East Columbia Water District.
REVERSED AND REMANDED.
NOTES
[1] This statute was amended by Acts 1987, No. 860, § 1, to provide for notifications of the attorney general in cases where judgments in excess of $500,000 are rendered against the state or a state agency. The quoted section was not changed.