Dear Mr. Patterson:
This office is in receipt of your request for an opinion of the Attorney General in regard to payment of judgments rendered against the Parish of Tangipahoa. You indicate the Parish has numerous money judgments on record against it, and the Council is hesitant to begin paying some judgments, assuming funds become available, for fear other judgment creditors will demand payment. Accordingly, you ask the following questions:
 1. Can the governing authority of Tangipahoa Parish pay the judgment in the case entitled "Natalbany Volunteer Fire Dept., Inc., et al v. Tangipahoa Parish Council, et al" without regard to other outstanding judgments against the governing authority;
 2. What are the legal ramifications of the payment of the above referenced judgment, or more specifically, will the payment of this one judgment give other judgment creditors the right to demand payment of their judgments; and
 3. If a specific judgment can be paid without regard to other judgments, is there a special procedure for a governing authority to follow to make such a payment?
Under Art. 12, Sec. 10 of the La. Const. of 1974 the Legislature is mandated to provide a procedure for suits against the state, a state agency, or a political subdivision, and the effect of a judgment. However, it is further provided that no public property or public funds shall be subject to seizure, and no judgment "shall be exigible, payable, or paid except from funds appropriated therefore" by the political subdivision against which judgment is rendered. (Emphasis added.)
The courts have concluded that no judgment shall be payable except from funds appropriated therefore by the political subdivision, and appropriation of funds for the payment of judgments is discretionary and not ministerial. Accordingly, a mandamus will not lie to compel payment of a judgment by a police jury. DeLaureal Engineers, Inc. v. St. Charles Parish Police Jury, 406 So.2d 770 (La.App 1981); Penalber v. Blount,405 So.2d 1378 (La.App 1981); Fontenot v. State Depart. of Highways, 358 So.2d 981 (La.App 1978).
In the DeLaureal case the court took note of C.C.P. art. 3862
which provides no court shall issue a mandamus to compel expenditure of state funds in any suit or action "when the director of such department, board or agency, or the governor shall certify that the expenditures of such funds would have the effect of creating a deficit in the funds of said agency." The court then concluded by extending this to political subdivisions, all of the funds belonging to the police jury had been dedicated, and there would be no abuse of discretion in the Police Jury not appropriating, at that time, funds sufficient to satisfy the plaintiff's judgment against it.
Assuming there are some funds to satisfy previously rendered judgments against the Parish but not all, it follows it would be within the discretion of the governing authority to determine which of the judgments would be covered by the appropriation. Obviously, since the funds would not be sufficient to pay all the judgments, a reasonable criteria would have to be utilized to determine which would be paid. This would avoid an abuse of the discretion vested in the governing authority in paying some but not all.
Consideration should be given to such things as the age of the judgment, if payment of the judgment is tied to necessary parish services, the number of outstanding judgments and the amount owed under each judgment, the number of judgments that can be satisfied, and any other criteria that the governing authority can develop. By establishing a reasonable criteria in selecting which judgments would be paid, an abuse of discretion is avoided in disbursement of the funds by appropriation.
Additionally, this office previously observed that the governing body may seek to compromise the amount of the award with the judgment creditor or may make a series of partial payments to eliminate its obligation in keeping with its limited financial resources. Atty. Gen. Op. No. 90-355.
Thus, in answer to your questions, we would have to conclude that the judgment in "Natalbany Volunteer Fire Dept. v. Tangipahoa Parish Council" cannot simply be paid without regard to the other outstanding judgments in order to avoid an allegation by the other judgment creditors that there was an abuse of discretion in the appropriation. However, as long as the selection of payment of some and not others has been made under a carefully scrutinized criteria or compromise, the other judgment creditors would have no basis to demand payment of their judgments.
We hope this sufficiently answers your questions, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/1980f