JiSEXTON, Judge.
On February 1, 1991, plaintiff sued his former attorney for allegedly allowing a tort claim and worker’s compensation weekly benefits claim to prescribe. The claim arose out of an accident occurring on August 31, 1981. Defendant filed an exception of prescription on both claims. The trial court sustained the exception with respect to the alleged malpractice regarding any tort claim, but denied the exception with respect to the alleged malpractice regarding the compensation benefits claim on grounds that the instant suit was filed within one year of a district court ruling that plaintiffs weekly benefits claim had prescribed. Plaintiff appeals the dismissal of his action for malpractice regarding the tort claim. We affirm.
Plaintiff was initially involved in a motor vehicle accident in 1979 in which he was represented by the defendant, Jack Williams. On August 31,1981, plaintiff was injured in a second accident while working on a 18-wheeler when an air-brake spring came off and struck him. Jack Williams learned of this second accident in November of 1981 while Lynn was being deposed regarding the first accident.
Regarding a possible tort claim for the August 31, 1981, accident, Williams contends that he and the plaintiff discussed the accident, and plaintiff stated that he was the cause of the accident. .According to defendant, Williams spoke with Bill Boston of the Traveler’s Insurance Company regarding Lynn’s compensation claim and a possible tort claim and questioned Boston whether Traveler’s was pursuing a subrogation claim against any purported tortfeasor. Defendant testified that Boston confirmed his belief that thei-e was no tort claim. He stated that he informed the plaintiff of this and |2suggested that the plaintiff go to another attorney to address any potential tort claim. No tort claim or worker’s compensation claim was filed by Williams for the plaintiff.
In November of 1983, Williams sent plaintiff a letter stating that he no longer represented him. Plaintiff subsequently met with other attorneys. One such attorney who testified at the hearing on defendant’s exception was John Morneau, who testified that he had discussed with plaintiff the possibility of malpractice by Williams for letting the tort claim prescribe and possibly the compensation claim. Morneau filed a compensation claim on behalf of plaintiff that was subsequently dismissed on February 2, 1990, as having-prescribed.
On appeal, the plaintiff contends that the trial court erred in dismissing his malpractice claim against Williams regarding the tort claim by applying the one-year liberative prescription normally applicable to legal malpractice actions. Plaintiff contends that the defendant did “nothing whatsoever” regarding his tort claim and, therefore, the 10-year liberative prescription applicable to breach of contract actions should have been applied. Plaintiff also contends that even under the one-year liberative prescription, plaintiff did not obtain knowledge of the claim until less than one year prior to filing the instant lawsuit.
We initially address the plaintiffs contention that the defendant attorney, Jack Williams, did “nothing whatsoever” in pursuit of plaintiffs alleged tort claim such that the 10-year liberative prescription for breach of contract actions applies to the attorney malpractice action. The trial court Rheld that Williams’s investigation of the tort claim constituted work on the case, and accordingly, the one-year liberative prescription was applicable.
We find no error in the trial court’s application of the one-year prescriptive period. An action for legal malpractice normally states a cause of action in tort and is subject to the one-year prescriptive period provided by LSA-C.C. Art. 3492 and LSA-R.S. 9:5605. It is only where the attorney expressly warrants a specific result and fails to obtain it or agrees to perform certain work and does *677 nothing whatsoever that the cause of action is in contract and subject to the ten-year prescriptive period. Lee v. Neiv England Insurance Co., 579 So.2d 1182 (La.App. 2d Cir.1991).
In the instant case, the trial court determined that Williams investigated the potential tort claim of the plaintiff. Testimony was received from a personal injury attorney regarding the investigatory method employed by defendant. Based on this testimony, the trial court was persuaded that Williams’s efforts were typical of personal injury investigations performed by attorneys, and these efforts constituted work on the case such that the one-year liberative prescription was applicable. We cannot say that the trial court erred in its conclusion.
Next, plaintiff contends that he did not know that his potential tort claim had prescribed until February 2, 1990, when the district court dismissed his worker’s compensation weekly benefits claim, which was filed in 1985. Hence, plaintiff contends he was unaware of the potential malpractice until that time. Because the instant suit was filed on February 1, 1991, less than one year from the date of the worker’s compensation judgment of dismissal, ^plaintiff contends that his claim has not prescribed even under the one-year prescriptive period.
A cause of action for legal malpractice accrues when the client has full knowledge of the facts underlying the claim for malpractice. See Red River Valley Bank v. Home Insurance Co., 607 So.2d 892 (La.App. 2d Cir.1992). In the instant case, the basis for the malpractice claim is the failure of Williams to file a tort suit on behalf of the plaintiff within the one-year prescriptive period.
The trial court found that the plaintiff knew of the alleged malpractice by Williams as early as 1985 and took no action to pursue this claim. Testimony indicated that the plaintiff was aware of the one-year prescriptive period for personal injury actions from Williams’s prior representation of the plaintiff. Attorney John Morneau testified that he discussed with the defendant the potential malpractice action regarding the failure to file a tort claim in 1985. Morneau filed a claim for compensation benefits on behalf of the plaintiff, but informed the plaintiff he was not interested in pursuing any legal malpractice claims. The plaintiff chose not to pursue it with other counsel at that time. Accordingly, we hold that the trial court was not clearly wrong in finding that the plaintiff discovered the alleged malpractice more than one year prior to filing the instant suit. The plaintiffs claim has prescribed.
We note that the defendants state in their brief that “Brown, Williams and Tucker submit this Appellee Brief and file an Application for Supervisory Writs to correct prejudicial error and irreparable injury secondary to the Trial |sCourt decision.” Assuming that appellees are requesting this court to consider their appellee’s brief as an application for supervisory writs, the application is not so considered.
The denial of a peremptory exception is an interlocutory decree which may not be appealed. In some cases, this court has considered an appeal of an interlocutory decree as an application for supervisory writs. See, e.g., North Central Utilities, Inc. v. East Columbia Water District, 516 So.2d 1268 (La.App. 2d Cir.1987). However, defendant has neither appealed the denial of the exception, nor has it answered the appeal filed by the plaintiff. Nor is appellee’s “writ application” in compliance with Rule 4 of the Uniform Rules of Louisiana Courts of Appeal. This ruling, of course, in no way prejudices the defendant’s right to appeal the ruling of the trial court in question once final judgment has been rendered.
Therefore, the judgment of the trial court is affirmed. Costs of the appeal are assessed to the plaintiff-appellant.
AFFIRMED.