708 So.2d 835 (1998)
Jimmie B. GUINN, et al., Plaintiffs-Appellees,
v.
RAPIDES PARISH POLICE JURY, et al., Defendant-Appellee.
No. 97-1519.
Court of Appeal of Louisiana, Third Circuit.
April 1, 1998.
Guy E. Humphries, Jr., Alexandria, for Jimmie B. Guinn, et al.
*836 Thomas Overton Wells, Alexandria, Robert Lewis Bussey, Asst. Dist. Atty., for Rapides Parish Police Jury, et al.
Victoria Reed Murray, for State.
Before DOUCET, C.J., and SULLIVAN and GREMILLION, JJ.
DOUCET, Chief Judge.
The plaintiffs, Jimmie Guinn and his wife, attempted via petition for writ of mandamus, to force the Rapides Parish Police Jury (the Police Jury) to pay a money judgment in their favor. The Guinns now appeal the trial court's dismissal of the suit pursuant to the defendant's motion for summary judgment.
In 1974, the Guinns entered a contract with the Police Jury whereby they granted the parish permission to dredge a drainage canal along the southern boundary of their property on the condition that the spoil be placed on their property to form a levee. The Guinns successfully sued the police jury for breach of the contract and were awarded damages. This court affirmed the award.[1] The Guinns filed a petition for writ of mandamus in an effort to collect payment of that money judgment. The Police Jury filed a motion for summary judgment. The defendant, in its memorandum in support of the motion for summary judgment, argued that a writ of mandamus does not lie to force a political subdivision to appropriate funds to pay a money judgment.
While that motion was pending, the Guinns filed a supplemental petition adding a demand that writ of mandamus be issued pursuant to La.R.S. 39:1304 and 39:1314, compelling the police jury to adopt a comprehensive budget.
Following a hearing, the defendant's motion for summary judgment was granted, and the plaintiffs' attempt to force the Police Jury to appropriate funds to pay the judgment was dismissed. The trial judge, however, made it clear that he was not ruling on the claim raised in the supplemental petition and that it remained before the court. The plaintiffs appeal.
The plaintiffs argue that the trial judge erred in failing to rule on the issue raised in the supplemental petition. We find no error in this. While the petition had been filed, no answer or exception had been filed by the time of the hearing. The defendant's motion for summary judgment concerned only the plaintiffs' right to force the defendant to appropriate funds to pay the judgment. No other matter was before the court. Therefore, the trial court correctly declined to rule on the supplemental petition. The matter remains before the trial court.
The plaintiffs further argue that the trial court erred in finding that mandamus does not lie to compel the Police Jury to appropriate funds to pay the judgment. The plaintiffs cite La.R.S. 13:5109(B)(2) as follows:
(2) Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision.
The plaintiffs argue that, by this statute, the legislature requires or orders political subdivision to expropriate funds to pay money judgments. The plaintiffs further argue that no statute prohibits use of mandamus to collect a money judgment. However, while La.R.S. 13:5109(B)(2) provides for appropriation of funds to pay money judgments against political subdivisions, the legislature has provided no mechanism by which a judgment debtor may force a political subdivision to appropriate funds. The courts have consistently refused to allow the use of mandamus actions for this purpose. This court recently reviewed the jurisprudence on this subject in Baudoin v. Acadia Parish Police Jury, 96-1288, pp. 5-9 (La.App. 3 Cir 9/17/97), 702 So.2d 715, 717-18:
Every Louisiana court that has addressed the subject has so held. A claimant's ability to enforce a judgment against *837 the State is a matter within the legislature's control. Chamberlain v. State, Through DOTD, 624 So.2d 874 (La. 1993).... [A] judgment creditor of a police jury has no way to collect his judgment except by an appropriation. Foreman v. Vermilion Parish Police Jury, 336 So.2d 986 (La.App. 3 Cir.), writ refused, 339 So.2d 846 (La.1976). Appropriation of funds is discretionary and not ministerial, and mandamus will not lie to compel payment of a judgment by a police jury. De Laureal Engineers Inc. v. St. Charles Parish Police Jury, 406 So.2d 770 (La.App. 4 Cir.1981), writ denied, 410 So.2d 758 (La. 1982). Appropriation of funds by a public body is a discretionary, not ministerial duty, and cannot be compelled by a writ of mandamus. Penalber v. Blount, 405 So.2d 1378 (La.App. 1 Cir.), writ denied 407 So.2d 1189 (La.1981). A judgment creditor cannot mandamus a sheriff (a political subdivision) to pay a judgment for personal injuries out of the Sheriff's Salary Fund. Jones v. Traylor, 94-2520 (La.App. 4 Cir. 8/23/95), 660 So.2d 933, writ denied, 95-2320 (La.12/15/95), 664 So.2d 453.
The First Circuit, which reviews cases from the district court where most suits against state agencies are brought, has repeatedly held that judgment creditors cannot mandamus political subdivisions to appropriate funds for payment of a judgment rendered against the political subdivision. In Fontenot v. State, Through Dept. of Highways, 358 So.2d 981 (La.App. 1 Cir.1978), rev'd on other grounds, 355 So.2d 1324 (La.1978), the court said "the appropriation of funds by a legislative body has been almost universally held to be discretionary, not ministerial." In State, Dept. of Trans. & Dev. v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1 Cir.), writ denied 478 So.2d 909 (La.1985), the court again declared that it lacked the power to compel the State to pay a judgment rendered against it, explaining that the appropriation of funds by a legislative body is generally discretionary, not ministerial. The issue in Salter v. State, through Dept. of Health & Human Resources, 612 So.2d 163 (La.App. 1 Cir.1992) was whether the legislature had the authority to limit interest on judgments against a state agency. The court said that it did, reasoning that the interest rate was an effect of a judgment and that the redactors of § 10(C) intended that the legislature should retain the power to provide for the effect of such judgments. The court cited Sibley v. Bd. of Sup'rs of La. St. Univ., etc., 446 So.2d 760 (La.App. 1 Cir.1983), writ granted, 450 So.2d 960 (La. 1984), affirmed, 462 So.2d 149 (La.); on rehearing, 477 So.2d 1094 (La.1985), on remand, 490 So.2d 307 (La.App. 1 Cir.), writ denied, 496 So.2d 325 (La.1986), for the proposition that the legislative power to create includes the power to destroy, and as such, the power to limit.
The most recent decision of the Third Circuit on this subject follows the jurisprudence. In Landry v. City of Erath, 628 So.2d 1178 (La.App. 3 Cir.1993), writ denied, 94-0275 (La.3/25/94), 635 So.2d 235, we held that a mandamus was not available to require a municipality to appropriate funds and to pay a judgment which had been rendered against it. The opinion explained that the decision on how to spend public money is the very heart of the legislative function and that it is perhaps the most fundamentally discretionary function of legislative bodies. The decision concludes with the observation that there is simply no coercive means available to force agencies and subdivisions of the State to comply with judgments against them, citing the jurisprudence from La. Const. art. XII, § 10, and quoting the much cited language from Hargrave, "`Statutory' and `Hortatory' Provisions of the Louisiana Constitution of 1974," 43 La. L.Rev. 647. Judge (now Justice) Knoll, who authored Landry, also believed that for the courts to grant a mandamus would be a "reckless course" for another reason: "[b]y ordering a legislative body to appropriate monies, we would be deeply entangling ourselves in a very serious separation of powers issue." Landry, 628 So.2d at 1180.
Plaintiffs argue that this prohibition is limited to money judgments resulting from tort judgments, citing the language of the supreme court's writ grant in Kimble v. Giordano, *838 95-2336, p. 1 (La.2/9/96), 667 So.2d 542, 543, wherein the court stated that:
Plaintiff's judgment against the parish arises in tort rather than from expropriation or appropriation. La. Const. art. VI, sec. 42(A) does not apply. Accordingly, the judgment of the court of appeal is reversed and the judgment of the trial court maintaining the exception of no cause of action and dismissing the mandamus action is reinstated.
The plaintiffs' argument that this case sanctions the use of mandamus to collect judgments other than those arising in tort is a misinterpretation of the supreme court's holding therein. The plaintiff in Kimble asserted that he could use mandamus because his case arose from expropriation or appropriation in that it arose from the wrongful seizure of fill dirt from his property by Plaquemines Parish. The point made by the supreme court was not that manadamus may not be used for collection of judgments arising from tort cases but that mandamus was not appropriate in the case before it because it did not arise from expropriation or appropriation.[2]
As this court stated in Baudoin, 96-1228 at pp. 10-11; 702 So.2d at 720:
The unfortunate thing ... is that the police jury can be arbitrary and get away with it. It is the nature of separation of powers that there is a line we cannot cross. We respect the fact that the judiciary cannot cross the line and make the legislature make the police jury pay. We will not cross that line and venture into a world that is not our business. That is the police jury's business and we respect that. We want to see justice done: that is our business. We have rendered a judgment against the police jury. That is our business and it is a final judgment. The police jury defended the law suit that resulted in the judgment, and undoubtedly disagreed with our decision. Disagreeing with it is one thing; not respecting it is another. If the police jury is refusing to pay this judgment arbitrarily, it is not showing respect for our judgment. If the Golden Rule applies in separation of powers, the police jury is not playing by the Rule if it disrespects our judgment arbitrarily. It owes this judgment. If it lacks the money and has no reasonable means of acquiring the money to pay this debt, that's something else. But if it has the money or can reasonably acquire the money to pay, it should do so and thereby set an example like most people do and are morally required to doit should pay its debts.
Therefore, the trial court correctly concluded that the plaintiffs herein may not use a mandamus action to force the police jury to appropriate funds to pay the judgment. We affirm the trial court's grant of defendant's motion for summary judgment on this issue. Costs of this appeal are to be paid by the plaintiffs.
AFFIRMED.
NOTES
[1] See Guinn v. Rapides Parish Police Jury, 94-980 (La.App. 3 Cir. 2/1/95), 649 So.2d 1148.
[2] La. Const. art. VI § 42 states:

(A) Compensation. Notwithstanding any contrary provision of this constitution, lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes shall be paid for as provided by law. However, nothing contained in this Paragraph with respect to compensation for lands and improvements shall apply to batture or to property the control of which is vested in the state or any political subdivision for the purpose of commerce. If the district has no other funds or resources from which the payment can be made, it shall levy on all taxable property within the district a tax sufficient to pay for property used or destroyed to be used solely in the district where collected.
(B) Appropriation. Nothing in this Section shall prevent the appropriation of such property before payment.