I WOODARD, J.,
concurring.
Footnoting court opinions — an odd topic to trigger a concurring opinion, particularly since it was not an issue which the parties or the opinion addressed. Notwithstanding, since Chief Judge Doucet has found it fit to place, what amounts to, his stylistic preference for legal opinion writing at issue in this public forum, fairness dictates that his comments be addressed in a similar fashion.
Specifically, rather than focusing on the merits of the opinion, Chief Judge Dou-cet’s sole reason for concurring lies in his objection to the use of citational footnotes in the instant opinion. Surprisingly, albeit having used citational footnotes in his own legal opinions,[1] Chief Judge Doucet advances that this circuit’s rules, as [¿well as The Bluebook’s, prohibit their use and that citations must appear, solely, in the body of the opinion.
Contrary to Chief Judge Doucet’s assurances, there is no legal proscription against using citational footnotes. As his authority, he refers to “this court’s officially adopted citation rules,” known as “Citation Manual,” and The Bluebook: A UniFORM System of Citation, Rule 1.1 and PRACTITIONER’S Note 2 (16th Ed.1996). This court’s current citation manual simply refers judges to The Bluebook concerning this issue. Bluebook Rule 1.1 does not address location of citations in legal opinions. Nevertheless, when taken out of context, one might conclude that Practitioner’s Note 2, impliedly, supports Chief Judge Doucet’s proposition. However, to discern their true meaning, The Bluebook provisions, in question, should be interpreted in the proper context; namely, The Bluebook’s Introductory Note, 1.3, which provides that “[i]n court documents and *655 legal memoranda, citations generally appear within the text of the document, as full sentences or as clauses within sentences, directly after the propositions that they support.” (Emphasis added.) Thus, it is evident that The Bluebook does not dictate the location of citations[2] but simply relates a common practice. And, it does not prohibit placing a citation in a footnote, which is appended to, and immediately follows, its proposition. Furthermore, PRActitioneR’s Note 2 is not intended to be a mandatory rule but a mere example.
“The basic purpose of a legal citation is to allow the reader to locate a cited source accurately and efficiently.”[3] Whether the citation is in the body of the opinion or in a footnote, on the same page, is of no moment because both accomplish the same purpose. The major difference is that placing it in a footnote provides an added advantage to the reader — an uncluttered, easy-to-read opinion.
Moreover, both, the United States and the Louisiana Constitutions and statutes are silent concerning the specific content and form of judicial opinions. And finally, our UnifoRM Rules Courts of Appeal Rule 2-16(A), pertaining to an opinion, Ronly provide that “[t]he decisions of a Court of Appeal may be expressed in ... a full opinion which gives the judgment of the court and a full statement of the reasons supporting the judgment[.]”
Furthermore, while legal scholars and opinion writers on this topic do oppose the use of substantive footnotes in judicial opinions; generally, they commend the use of citational footnotes. They sharply distinguish between the two: Citational footnotes are those which state the legal authority for a proposition by merely providing authority references to other legal sources; a footnote that serves any purpose, other than a simple citation to authority, is a substantive footnote.[4]
Some of the highly respected jurists in Louisiana, who have used citational footnotes in their opinions, include United States Fifth Circuit Court of Appeal Judges Alvin Rubin and John Minor Wisdom, who began the practice in 1983, and recently retired Judge Melvin Shortess of the Louisiana First Circuit Court of Appeal.
Advanced legal writing scholars, such as Bryan A. Garner, recommend citational footnotes as the preferred legal opinion writing style.[5] And, Garner notes that such a practice is the nationwide trend in, both, federal and state courts.[6] For example, four of the five judges on the Delaware Supreme Court[7] and two justices of the Texas Supreme Court use citational footnotes, as do all judges in Alaska[8] and all appellate judges in California.[9]
On the contrary, there is much rancor in the legal community concerning the use of substantive footnotes in legal opinions. For example, one law professor wrote that *656 “[a]ccording to the ‘devil theory of footnoting,’ any note other than a ‘pure’ citation is excrement in the 14corridors of academe.”[10] (Emphasis added.) Similarly, Noel Coward is quoted in The Art of Footnote as having stated: “Encountering [a footnote] is like going downstairs to answer the doorbell while making love.”[11] And Judge Mikva, one of their fiercest opponents, described footnotes as “phony excrescences” [12] and “an abomination.”[13] He explained that “[i]n the pure application, a footnote that merely cites a case or other writing is the easiest to defend — and the least troublesome])]”[14] “If I thought I was fully cured and that my crusade [to eliminate substantive footnotes] was catching on, I would use footnotes just for authority citations. If footnotes were confined to that use solely, readers could make up their own minds whether they were reading for profit or pleasure. A reader who just wanted to know what a judge was saying about the case being decided could ignore the footnotes altogether. The reader who wanted to wade in more deeply — check the authority, or distinguish it for future cases — could turn to the footnotes. As it is, because I am still full of footnote toxin, I put my authority citations riyht in the text. The result is hardly conducive to a flow-iny style of writiny.” [15] (Emphasis added.)
To say the least, this debate has generated some passion. However, none of these contemptuous denunciations were aimed at citational footnotes, which Chief Judge Doucet criticizes and uses, but rather at substantive footnotes, which Chief Judge Doucet, also, uses in his opinions.[16]
IsOriginally, judges did place citations in the body of the text, as opposed to in footnotes, not for any profound legal reason, but because of the mechanical limitations of typewriters,[17] which were the tools available at that time. However, with subsequent technology, that limitation and, therefore, the real reason for putting citations in the text no longer existed. From that point on, presumably, judges were left with the option of placing citations in footnotes or in the body of their opinions. Indeed, Judge Mikva pointed out that using citational footnotes is a matter of individual, opinion, writing style.[18]
In his concurrence, Chief Judge Doucet presented no authority to the contrary. His concurring opinion is disconcerting because it transcends the mere issue of the “correctness” of using citational footnotes in our opinions. He seems to suggest that all judges must adopt the same writing style — under the auspices of uniformity. Although I understand the importance for *657 using a uniform citation form as a way to facilitate legal research for our profession, commanding uniform writing styles serves no endorsed, beneficial purpose. Instead, it thwarts a coveted safeguard in our judicial system — judicial independence. And, using a particular style in judicial opinions, including citational footnotes, is strictly within the realm of each judge’s independence.[19]
United States District Judge Leonie M. Brinkema summed it up when she said that, “efforts to homogenize the federal courts of this nation are shortsighted. Diversity among our federal courts encourages experimentation and progress and is one of the reasons the federal judiciary has remained so dynamic ... no federal judge is required to follow any particular form for his or her opinions. Some judges value brevity; some use literary flourishes; some include many footnotes, others use few; some follow Blue Book format, others do not; some only cite to the official source, and others include parallel cites. To mandate that judicial opinions conform | (Jo a specific format ... seriously invades judicial independence.”[20] (Emphasis added).
I fully support Judge Brinkema’s appreciation of judicial independence and its relevance to opinion writing. Her understanding is consistent with Cannon 1 of the Code of Judicial Conduct, which mandates that judges have a. duty to protect, not subvert, their peers “in the exercise of judicial independence.”
In exercising that independence, my objective for using citational footnotes, as opposed to placing a string of citations in the middle of a sentence, is to write my opinions in an uncluttered, flowing, writing style in order to make them accessible and understandable, not only, to lawyers and judges, but also, to litigants and to the people whom I was elected to serve, without depriving the legal community of necessary references.
I disagree with Chief Judge Doucet’s assertion that it is a requirement that legal citations be placed in the body of the opinion. Furthermore, given the current, nationwide trend, legal experts’ recommendations, and the fact that using citational footnotes yields stronger, clearer opinions, I suggest that the other judges, in this state, and their readers would benefit by adopting this style.

. See State v. Crawford, 95-1352 (La.App. 3 Cir. 4/3/96); 672 So.2d 197; Haynes v. Calcasieu Medical Transp., Inc., 97-300 (La.App. 3 Cir. 10/29/97); 702 So.2d 1024; Guinn v. Rapides Parish Police Jury, 97-1519 (La.App. 3 Cir. 4/1/98); 708 So.2d 835; Picard v. Picard, 97-1258 (La.App. 3 Cir. 4/1/98); 708 So.2d 1292; Thomas v. Evangeline Parish Sch. Bd., 98-1458 (La.App. 3 Cir. 3/24/99); 733 So.2d 102; Lamson Petroleum Co. v. Hallwood Petroleum, Inc., 99-1937 (La.App. 3 Cir. 5/10/00); 763 So.2d 40.

. Telephone interview between Van M. Davidson and Bryan A. Garner, President, Law Prose, Inc., Dallas, Texas. (March 27, 2001).

. The Harvard Law Review Association, The Bluebook: A Uniform System of Citation 4 (1996).

. Abner J. Mikva, Goodbye to Footnotes, 56 U.Colo.L.Rev. 647 (1985).

. Bryan A. Garner, The Citational Footnote, 7 The Scribes Journal of Legal Writing 97 (2000).

. Id. at 105-6.

. Id. at 104.

. Id.

. Interview, supra, Note 2.

. Arthur D. Austin, Footnotes as Product Differentiation, 40 Vanderbilt L.Rev. 1131, 1152 (1987).

. Bowersock, The Art of Footnote, 53 Am.Scholar 54, 55 (1984).

. Mikva, supra, Note 4.

. Id.

. Id.

. Id.

. See State v. Davis, 97-331 (La.App. 3 Cir. 10/29/97); 702 So.2d 1014; State v. Winston, 97-1183 (La.App. 3 Cir. 12/9/98, 723 So.2d 506); State v. Montgomery, 98-775 (La.App. 3 Cir. 1/27/99); 734 So.2d 650; Willis v. Duck, 98-1898 (La.App. 3 Cir. 5/5/99); 733 So.2d 707; Lavergne v. Thomas, 99-1186 (La.App. 3 Cir. 12/8/99); 758 So.2d 197; Lamson Petroleum Co. v. Hallwood Petroleum, Inc., 99-1444 (La.App. 3 Cir. 5/24/00); 770 So.2d 786.

. Garner, supra, Note 5 at 98.

. Interview, supra, Note 2; Mikva, supra, Note 4.

. Interview, supra, Note 2.

. Letter from Judge Leonie M. Brinkema, United States District Judge for the Eastern District of Virginia to Administrative Office of the U.S. Courts, Appellate Court and Circuit Administrative Division (March 5, 1997) (on file with the Office of the U.S. Courts).