Dear Ms. Smith:
On behalf of the West Feliciana Parish Police Jury (the "Police Jury"), you requested the opinion of this office. You advised that the Police Jury has some undedicated funds which it does not choose to appropriate. The question presented is whether under La. Const. Art. XII, Sec. 10, these undedicated funds are exempt from seizure for the payment of a judgment of the state or federal courts.
La. Const. Art. XII, Sec. 10(c) provides in pertinent part as follows:
 "No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered."
Louisiana state courts have construed this provision to prohibit the seizure of public property, regardless of whether the property is being used for a public purpose. Vogt v. Board of Commissioners of the OrleansLevee District, et al., 2001-0089 (La.App. 4th Cir. 3/27/02),814 So.2d 648, pertained to the Bohemia Spillway litigation. In 1983 the plaintiffs, who had obtained a judgment against the levee district for the district's failure to reimburse the landowners for unpaid mineral royalties, pursued several remedies against the levee district in an attempt to have the judgment satisfied. The plaintiff's expert witness, a certified public accountant, testified that the levee district's financial records and audits showed the levee board had a net worth of approximately $120 million, including a money market account containing $9 million. The district court denied the plaintiffs motion for a writ of seizure finding that "property owned by a political subdivision is not subject to seizure and sale under a writ of fieri facias issued to satisfy a money judgment rendered against that political subdivision. It is immaterial whether the property sought to be seized is being used for a public purpose." The plaintiffs also sought a writ of mandamus directing the public officers to pay the judgment. The appellate court discussed the collection of a judgment against a political subdivision in pertinent part as follows:
 ". . . for a judgment to be exigible, payable, or paid, there must first be an appropriation of funds by the governing body against whom the judgment was rendered.
 A judgment creditor of a political subdivision of the State has no way to collect his judgment except by appropriation. Baudoin v. Acadia Parish Police Jury, 96-1288 (La.App. 3 Cir. 9/17/97), 702 So.2d 715; Foreman v. Vermilion Parish Police Jury, 336 So.2d 986
(La.App. 3 Cir. 1976). Appropriation of funds is discretionary and not ministerial, and mandamus will not lie to compel payment of a judgment by a political subdivision. De Laureal Engineers, Inc. v. St. Charles Parish Police Jury, 406 So.2d 770 (La.App. 4 Cir. 1981). In addition, Louisiana courts have repeatedly held that judgment creditors cannot mandamus political subdivisions to appropriate funds for payment of a judgment rendered against the respective political subdivisions. See Jones v. Traylor, 94-2520 (La.App. 4 Cir. 8/23/95), 660 So.2d 933; Landry v. City of Erath, supra; State, Dept. of Trans. Dev. v. Sugarland Ventures, Inc., 476 So.2d 970 (La.App. 1 Cir. 1985); Fontenot v. State, Through Dept. of Highways, 358 So.2d 981 (La.App. 1 Cir. 1978), rev'd on other grounds, 355 So.2d 1324 (La. 1978).
 In Cooper v. Orleans Parish School Board, 99-0050 (La.App. 9/8/99), 742 So.2d 55, a case in which virtually all arguments against the applicability of La. Const. Art. XII, § 10 were raised, the plaintiffs had obtained a substantial judgment in a personal injury suit against the Orleans Parish School Board. After the school board refused to pay the judgment, the plaintiffs filed suit alleging that the school board had violated budgetary laws when it transferred more than $10,000,000.00 from the school board's general liability fund, which was intended to pay liability claims, to its Health Insurance Fund to satisfy health insurance claims. The plaintiffs also alleged equal protection violations arising out of the school board's payment of claims that arose subsequent to theirs. They sought to enjoin the school board to amend its 1996-1997 operating budget to restore the transferred funds and from paying other debts and claims in preference to their judgment. The trial court issued an injunction requiring the school board to formally ratify or reject the transfer of funds from the general liability fund to the health care fund for the pertinent fiscal year, but denied the plaintiffs' other claims, concluding that pursuant to La. Const. Art. XII, § 10(C), it had no authority to order the school board to pay the plaintiffs' judgment. This Court affirmed the trial court and held that a court was without general authority to order the school board to pay the plaintiffs' judgment in preference to any other indebtedness. Nor did a court have any authority to compel taxing authorities to raise sufficient revenues to fund judgments.
 As to a seizure of public funds, the Third Circuit noted in Baudoin v. Acadia Parish Police Jury, supra, that the question of whether the right to seize "unencumbered funds" lies within the judicial power was answered more than one hundred years ago in the case of Carter v. State, 42 La. Ann. 927, 8 So. 836 (1890). In Carter, the plaintiff had sought a writ of fieri facias to seize the State's property, rights, and credits "which [allegedly] form no part of its annual revenues derived from taxation for the support of the government, and which [therefore] are not exempt from seizure and sale," for the satisfaction of a judgment against the State. The trial court sustained an exception of no cause of action. The Supreme Court upheld the trial court and explained that to allow the judiciary to issue such a writ would require an inference that the legislature had conferred upon the judicial branch the power to appropriate, a power exclusively belonging to the legislature, in violation of the separation of powers.
 In view of the aforementioned jurisprudence, it is clear that no coercive means exist to force the State, state agencies, or political subdivisions to comply with judgments rendered against them." (Emphasis added)
Thus the Louisiana state courts will not condone the seizure of public property to satisfy a state court judgment. Under the jurisprudence of the federal courts in Louisiana, the answer to your question is fact sensitive.
The Vogt plaintiffs filed suit in the federal district court for the Eastern District of Louisiana[1] alleging that the levee districts' refusal to pay the state court judgment constituted an unconstitutional taking. The district court dismissed the action and the Court of Appeals reversed and remanded[2] as it determined that the levee district was not entitled to Eleventh Amendment immunity as the levee district was not an arm of the State.
The U.S. Court of Appeals for the Fifth Circuit discussed whether the particular litigation was a takings case. The landowners claimed that there was a taking because the levee board had wrongfully retained the mineral revenues generated by the property after the land was returned to the owners pursuant to legislature enactment. The landowners had obtained a judgment for those unpaid mineral revenues through the state courts. The levee board argued that the landowners' "property" was the judgment which had not been taken and the suit was merely a suit to enforce a judgment against the board. The levee board further argued if the landowners prevailed, then every judgment creditor of a political entity is a potential plaintiff in a takings claim. The court concluded that the landowners were not precluded from proceeding with their takings claim with the court stating in pertinent part:
 "We do not hold or imply, as the levee board contends, that every tort or breach of contract claim against a governmental entity necessarily becomes a takings claim. Our holding extends only to cases where, as in Webb's, the government has forcibly appropriated private property without a claim of right or of public or regulatory purpose."[3]
On remand, the district court granted a partial motion for summary judgment finding that the levee district's actions constituted an unconstitutional taking under the Fifth Amendment to the U.S. Constitution. The court held that the defendants must satisfy the judgment of the State district court.[4]
 Specialty Healthcare Management, Inc. v. St. Mary Parish Hospital, et al., 220 F.#d 650 (5th Cir. 2000), is a diversity case which arose out of an effort to enforce an arbitral award by a federal order. The Fifth Circuit held that the Louisiana Constitution controlled and the defendant hospital's property was exempt from seizure. The court found that under Federal Rules of Civil Procedure Rule 69(a), state procedures on execution would govern unless a federal statute otherwise applied. The court then discussed whether the hospital agreeing to binding arbitration constituted a waiver of the protections under state law and found that it did not in this instance. The court did cite Alvenus Shipping Co. V.Delta Petroleum (USA) Ltd., 876 F. Supp. 482, 487 (S.D.N.Y. 1994) for the proposition that an inability to actually collect on a money judgment may suffice to make an injury irreparable.
In Bowman v. City of New Orleans, 747 F. Supp. 344 (E.D.La. 1989), the court held that the proscription against seizure of public funds did not bar the court from ordering the execution of a writ of fieri facias to satisfy a judgment assessing attorney fees against the City pursuant to a consent judgment entered in a civil rights action.
Thus, whether the federal courts would allow for the seizure of public funds or property of the Police Jury, cannot be answered in the abstract.
Trusting this adequately responds to your request, we remain
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ MARTHA S. HESS Assistant Attorney General
CCF, JR./MSH
[1] Vogt v. Board of Commissioners of the Orleans Levee District, 2001 WL (E.D.La. Jun 12, 2001) (NO.CIV.A. 00-3195).
[2] Vogt v. Board of Commissioners of the Orleans Levee District,294 F.3d 684 (5th Cir. La. 6/14/02).
[3] Vogt v. Board of Commissioners of the Orleans Levee District,294 F.3d 684 (5th Cir. La. 6/14/02) at 697.
[4] Vogt v. Board of Commissioners of the Orleans Levee District,2002 WL 31748618 (E.D.La. Dec. 5, 2002) (NO. CIV.A. 00-3195).