660 So.2d 933 (1995)
Priscilla JONES, Wife of Warren Edward Rome
v.
Wayne TRAYLOR, Jack A. Stephens, Sheriff & Ex-Officio Tax Collector For the Parish of St. Bernard, et al.
No. 94-C-2520.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 1995.
Darryl J. Carimi, Carimi Law Firm, Metairie, Glenn E. Diaz, Chalmette, for plaintiff/appellee.
Salvador Gutierrez, Jr., Mary Ann Hand, Gutierrez & Hand, Chalmette, Peter J. Butler, Peter J. Butler, Jr., Locke Purnell Rain Harrell, New Orleans, for defendant/appellant (St. Bernard Parish Sheriff's Office).
T. Allen Usry, Craig E. Frosch, Usry & Weeks, Metairie, for amicus curiae (Louisiana Sheriffs' Ass'n).
Before BARRY, ARMSTRONG and LANDRIEU, JJ.
LANDRIEU, Judge.
Priscilla Jones was awarded $431,179.82 in damages awarded as the result of injuries suffered in a slip and fall which occurred during the course and scope of her employment with the St. Bernard Parish Sheriff's Office. See Jones v. Trailor, 93-2144 (La. App. 4th Cir. 4/28/94) 636 So.2d 1112. Ms. Jones petitioned the trial court for a writ of mandamus to force Sheriff Jack Stephens to pay the judgment with funds from the St. Bernard Sheriff's Salary Fund. The trial court issued an order directing the Sheriff "in his official capacity as Sheriff of St. Bernard Parish to issue the necessary warrant for payment of the final judgment rendered in [Ms. Jones' favor]" or alternatively "to show cause in this Court why the Sheriff's Salary Fund does not have sufficient money with which to satisfy this judgment."
The Sheriff filed an application for supervisory writs (94-C-2469) requesting a reversal *934 of the trial court's ruling. This application was subsequently consolidated with a later application for supervisory writs filed by the Sheriff (94-C-2520) requesting a reversal of the trial court's ruling denying the motion to quash a judgment debtor examination. Treated in the normal manner and under the rules of this Court, Ms. Jones was given time to file briefs in opposition to the Sheriff's application. The brief filed by Ms. Jones urged this Court to deny both applications for writs filed by the Sheriff. Considering the matter on briefs and without oral argument, we issued a writ upholding the trial court's ruling in writ 94-C-2520 (denial of motion to quash judgment debtor examination, 34th J.D.C. No. 58-164) and reversing the ruling in 94-C-2469 (writ of mandamus to force sheriff to pay judgment from the salary fund, 34th J.D.C. No. 75-179).
In response to an application for writ filed by Ms. Jones, however, the Supreme Court summarily granted certiorari, vacated this Court's judgment, and remanded the matter to this Court "for briefing, argument, and opinion."[1] Accordingly, based on the newly submitted briefs and oral arguments, we now consider the issue of whether the sheriff's office (a political subdivision) can be compelled by writ of mandamus to pay from the salary fund a tort judgment based on a negligent act.

DISCUSSION
It is undisputed that political subdivisions of the State are not immune from suit and liability in personal injury cases. La. Const. art. 12, § 10(A) (West 1977). The means by which judgments should be paid or the manner in which they can be collected is problematic. The Louisiana Constitution makes it very clear that public property and public funds may not be seized for payment and that judgments ordinarily must be paid from funds appropriated by the legislature or by the political subdivision against which judgment is rendered. La. Const. Ann. art. XII, § 10 (West 1977) provides:
(A) No immunity in contract and tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
* * * * * *
(B) Procedure; judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property of public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by political subdivision against which judgment is rendered.

The statutory provisions for Suits Against State, La.Rev.Stat. 13:5101 et seq., were amended in 1987 to recognize a "sheriff" as a political subdivision. See Historical and Statutory Notes which accompany La.Rev.Stat. Ann. 13:5102(B) (West 1991). Thus, public funds cannot be seized for payment of a judgment against the sheriff and the funds must be appropriated for that purpose.
Ms. Jones contends, however, that mandamus[2] was the appropriate method to compel payment of the judgment by the Sheriff. She bases her argument upon (1) a 1977 amendment to the statutory provision pertaining to "Expenditures to be made from sheriff's salary fund" which provides that "[a] sheriff and ex-officio tax collector shall further pay from the sheriff's salary fund, upon warrant drawn by him, an amount necessary to pay final judgments obtained against his office for its official acts," La.Rev.Stat. 33:1422(C) (West 1988), and (2) the Louisiana *935 Supreme Court's decision in Felix v. St. Paul Fire and Marine Ins. Co., 477 So.2d 676 (La.1985), which held that because the state legislature has specifically authorized a procedure in La.Rev.Stat. 40:1299.44(B) of the Medical Malpractice Act to provide for the payment of a final judgment mandamus was the proper means to compel compliance by the Commissioner of Insurance and the Patient's Compensation Fund to pay the judgment.
We are not persuaded by Ms. Jones' reasoning. The Patient's Compensation Fund was established and regulated as a specific fund for the benefit of successful malpractice claimants and based upon an annual surcharge levied on all qualified health care providers. Felix, 477 So.2d at 679. Accordingly, payment of a judgment from the fund was purely a ministerial act and, as such, mandamus was proper. Based upon the reasoning in Felix, mandamus may have been an appropriate method to compel payment from the sheriff's salary fund prior to 1987.[3] However, once the Sheriff was statutorily defined as a political subdivision, the constitutional mandate that funds for payment of the judgment must be appropriated for that purpose became applicable. Clearly, payment of a judgment from the sheriff's salary fund (which was not appropriated for the purpose of paying judgments) is contrary to the constitution. Likewise, an order to the Sheriff to pay the judgment out of the salary fund would, in effect, be a seizure of public funds in violation of the constitution.
For the above stated reasons, we find that the Sheriff cannot be compelled by writ of mandamus to pay a tort judgment out of the salary fund. Accordingly, the Sheriff's application for supervisory writs is granted and the ruling of the trial court is reversed.
REVERSED.
NOTES
[1] The Supreme Court order (writ 95-CC-0541), however, referred to this Court's writ 94-C-2520 (which upheld the trial court's denial of the motion to quash the judgment debtor examination) but the 34th J.D.C. No. 75-179 (pertaining to the trial court's writ of mandamus to force the sheriff to pay the judgment for the salary fund and which was reversed by this Court in 94-C-2469). At oral argument, however, the parties conceded that the issue of the judgment debtor examination (94-C-2520) was not before us and, accordingly, on remand we consider only whether the Sheriff Stephens can be compelled to pay a tort judgment from the salary fund by a writ of mandamus.
[2] Louisiana Code of Civil Procedure 3863 provides that a writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law.
[3] We note, however, that Article VI, § 44(2) of the 1974 Louisiana Constitution, defines "political subdivision" as used within Article VI as "a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions." Thus, as a unit of local government authorized by law to perform governmental functions, a sheriff would be included within the definition of a political subdivision. Whether that definition was applicable to Article XII and whether the 1977 amendment to La.Rev. Stat. 33:1422(C) was therefore unconstitutional is not at issue in this case.