713 So.2d 712 (1998)
Aubrey J. AUTHEMENT
v.
Jerry J. LARPENTER, Sheriff of Terrebonne Parish.
Elmore J. SONGE, Jr.
v.
Jerry J. LARPENTER, Sheriff of Terrebonne Parish.
Nos. 97 CA 0579, 97 CA 0580.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
*713 John Munoz, New Orleans, for Plaintiff/Appellee Aubrey J. Authement.
Keith Whipple, Houma, for Intervenor Keith Whipple.
William Dodd, Houma, for Defendant/Appellant Jerry J. Larpenter, Sheriff of Terrebonne Parish.
Gerald P. Aurillo, Metairie, for Plaintiff/Appellee Elmore J. Songe, Jr.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Pro Tem.
CARTER, Judge.
This is an appeal from a judgment awarding attorney's fees pursuant to LSA-R.S. 42:1442.

BACKGROUND
In 1986, appellee, Aubrey Authement ("Authement"), was the Chief of Detectives for the Terrebonne Parish Sheriff's Office. The sheriff at the time was Charlton P. Rozands ("Rozands"). Subsequently, Rozands, Authement and Elmore Songe ("Songe"), a deputy with the Terrebonne Parish Sheriff's Office, were indicted by a Terrebonne Parish Grand Jury for numerous counts of malfeasance in office. Some of the counts were later amended by a Bill of Information filed by the Terrebonne Parish District Attorney's Office. The charges in the Bill of Information which pertained to Authement were based upon the allegedly improper removal of weapons from the sheriff's office, allegedly unauthorized and illegal personal use of weapons being held as evidence and the alleged disposal of weapons being held as evidence, but which had been in Authement's possession.
After a criminal trial, a jury found Authement guilty of malfeasance in office.[2] Authement appealed the conviction. On appeal, this court set aside the conviction and sentence and remanded the matter to the district court. State v. Authement, 532 So.2d 869 (La.App. 1st Cir.1988). This court's basis for setting aside the conviction was that the Bill of Information and responses to Authement's Bill of Particulars did not adequately inform Authement of the nature and cause of the accusations against him. Despite the remand, the District Attorney failed to amend the Bill of Information. Accordingly, it did not re-institute prosecution against Authement. Consequently, Authement filed various motions to quash the charges in the indictment and bill of information *714 based upon the failure to timely prosecute. The trial court granted the motions to quash.

FACTS
On May 13, 1994, Authement filed a petition for attorney's fees pursuant to LSA-R.S. 42:1442. Authement argued that he was entitled to recover the attorney's fees he incurred to defend himself in the criminal proceedings because his conviction was reversed and prosecution for the charges was never re-instituted.
After a trial, the trial court rendered judgment in favor of Authement. It specifically noted that the mere fact the conviction was set aside and prosecution was not re-instituted did not entitle Authement to attorney's fees because there was also a statutory requirement of good faith. However, the trial court found that Authement was in good faith when he performed the actions complained of in the indictment and bill of information. Accordingly, the trial court found that Authement was entitled to recover attorney's fees from the current Terrebonne Parish Sheriff's Office.[3]
Appellant, the current sheriff of Terrebonne Parish, Jerry J. Larpenter, filed this appeal raising five issues for our review:
1) Can a law enforcement officer recover attorney's fees pursuant to LSA-R.S. 42:1442 where the alleged criminal actions which formed the basis of the criminal act were not performed in "good faith" in the performance or in furtherance of the course and scope of his employment as defined by law and the policy and procedures of the law enforcement agency employing Authement?
2) Does a law enforcement officer who allegedly fails to follow the policy and procedures of the Terrebonne Parish Sheriff's Office to sign evidence forms for the release of weapons involved in criminal matters from the evidence room lack good faith, as contemplated in LSA-R.S. 42:1442?
3) Does a law enforcement officer's personal use of weapons held as evidence by the sheriff's office constitute a breach of the good faith requirement of LSA-R.S. 42:1442?
4) Does a law enforcement officer's disposal of weapons which are allegedly improperly removed from evidence constitute a breach of the good faith requirement of LSA-R.S. 42:1442?
5) Was Authement acting in the course and scope of his employment as a law enforcement officer when he removed weapons from the evidence room for personal use?

ENTITLEMENT TO ATTORNEY'S FEES UNDER LSA-R.S. 42:1442
The first issue raised by appellant questions whether Authement was in good faith under LSA-R.S. 42:1442. LSA-R.S. 42:1442 provides in pertinent part as follows:
A. When (1) a law enforcement officer, employed by the state or an agency thereof or by a political subdivision ... has been subjected to an institution of prosecution for an alleged criminal act committed when the law enforcement officer is acting in good faith in the performance or in furtherance of the course and scope of his employment as defined by law and the policies and procedures of the law enforcement agency employing him, and (2) he is acquitted of the charge, the prosecution has been dismissed by the district attorney, or the periods of time have expired in which he could be brought to trial and convicted, the officer shall be reimbursed for reasonable attorney's fees incurred by him on account of the institution of prosecution. No reimbursement shall take place under the provisions of this Section until the suit is dismissed or finally adjudicated by a court of competent jurisdiction *715 and the period for taking an appeal has expired. Reimbursement shall be from the governing authority by whom the officer was employed at the time of the alleged crime.
Therefore, pursuant to LSA-R.S. 42:1442, a law enforcement officer charged with a crime against whom prosecution is instituted, is entitled to be reimbursed for attorney's fees where certain conditions are met. First, the alleged criminal act must have been committed when the law enforcement officer was acting in good faith in the performance or in furtherance of the course and scope of his employment. Second, the prosecution must be finally terminated by dismissal, acquittal or prescription.
In the present case, Authement meets the requirement that the prosecution be finally terminated. However, by the clear and unambiguous language of the statute, a law enforcement officer cannot recover attorney's fees, regardless of whether prosecution was timely instituted, where the officer did not act in good faith in the performance or in furtherance of the course and scope of his employment. The parties dispute whether Authement met the good faith requirement. Additionally, appellant argues that Authement was not acting in the course and scope of his employment when he removed weapons from the evidence lockers for personal use. Thus, to determine the merits of this appeal, we must determine whether the trial court was correct in finding that Authement was in good faith when he performed the acts which formed the basis of the indictment and bill of information and whether it was correct in finding Authement acted in the course and scope of his employment.

GOOD FAITH OF AUTHEMENT
The statute does not define good faith and there is no jurisprudence interpreting the meaning of good faith as it appears in LSA-R.S. 42:1442. As a result, this is an issue of first impression, as recognized by the trial court in its oral reasons for judgment. However, we note that good faith is defined in part in the Sixth Edition of Black's Law Dictionary as "[h]onesty of intention, and freedom from knowledge of circumstances which ought to put the holder upon inquiry."
A trial court's determination of whether a person acted in good faith is a factual finding which cannot be disturbed in the absence of manifest error. Barrilleaux v. Franklin Foundation Hospital, 96-0343, p. 18 (La.App. 1st Cir. 11/8/96); 683 So.2d 348, 360, writ denied, 96-2885 (La.1/24/97); 686 So.2d 864. Reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed on appeal where conflict exists in the testimony, even though the appellate court may feel that its own evaluations and inferences are as reasonable. When the trier of fact's findings are reasonable in light of the entire record, an appellate court may not reverse a choice between two permissible views of the evidence. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882-83 (La. 1993); Barrilleaux v. Franklin Foundation Hospital, 683 So.2d at 360. The issue to be resolved by the appellate court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one in view of the record in its entirety. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882; Barrilleaux v. Franklin Foundation Hospital, 683 So.2d at 360.
In oral reasons for judgment, the trial court indicated that it had read all the testimony from the criminal and attorney's fees trials, the memorandums filed by the parties and the cases and deposition excerpts given to it. Based on the evidence, the trial court concluded that "while [Authement's] actions leave somewhat to be desired in the way of good police workat best, that is, for the Sheriff's Officeit simply seems to be sloppy police work and I don't see any crimes committed and I don't see any bad faith." Accordingly, the trial court found that there was good faith and Authement was entitled to attorney's fees. After a thorough review of the entire record, we find that there is a reasonable factual basis for the trial court's finding and that finding is not manifestly erroneous.
In brief, appellant argues that Authement lacked good faith, as demonstrated by several *716 actions. First, appellant contends Authement violated proper procedure by refusing to sign for weapons removed from evidence being held by the sheriff's office in trust. Second, appellant asserts that Authement obtained some of these weapons for personal use. Finally, appellant contends that Authement disposed of weapons which had been improperly removed from the sheriff's office. Accordingly, appellant argues that Authement did not meet the good faith requirement of LSA-R.S. 42:1442.
While Authement did not testify at his attorney's fees trial, he did testify at his criminal trial and at Songe's attorney's fees trial. The transcript of the criminal trial was admitted into evidence as a joint exhibit.[4] The criminal trial transcript included the testimony of Linda Malbrough ("Malbrough"), a Terrebonne Parish Sheriff's Office employee who worked in the crime lab and was responsible for maintaining the evidence lockers. After reviewing the testimony, it is clear that there are many conflicts regarding the propriety of the alleged actions of Authement which appellant contends breached the good faith requirement.

Failure to follow procedure of signing evidence release forms:
This allegation involves Authement's allegedly improper removal of weapons from the evidence lockers in March and April 1986. Authement testified that the weapons were removed from the evidence lockers at the direction of Sheriff Rozands. Particularly, Authement testified that when the decision was made in February or March 1986, to clean out the evidence room, Sheriff Rozands said that all weapons that did not need to be in the evidence lockers were to be stored at his house.
Authement testified that pursuant to Sheriff Rozands' order, he arranged to have the weapons transferred from the evidence lockers to Sheriff Rozands' home. Accordingly, Authement told Songe to check out and transport the weapons. Authement did not feel he was doing anything wrong and the order was carried out in the middle of a work day. Songe's testimony at the attorney's fees trial supported this testimony by Authement on this issue.
Authement admitted he did not sign for the release of the weapons. He explained that he did not sign the releases because Songe was the employee who would be in possession of the weapons; accordingly, Songe was the appropriate person to sign the release form. While Malbrough testified that Authement refused to sign the release form, she provided no testimony to contradict Authement's stated reason for his failure to sign.
We also note that appellant was unable to direct the trial court or this court to any statutory requirement that evidence be stored at the sheriff's office, or which precludes the storage of evidence at a site other than the sheriff's office. The trial court apparently concluded that Authement had no reason to believe he had done anything illegal in ensuring that Rozands' order to transfer weapons from the sheriff's office to the sheriff's home was carried out. Thus, the trial court concluded that Authement was in good faith when he arranged the transfer of the weapons from the evidence room to Sheriff Rozands' house. In light of the record reviewed in its entirety, we find a reasonable factual basis exists for this conclusion and we cannot say this finding is manifestly erroneous. Accordingly, this assignment of error has no merit.

Personal use of weapons in evidence:
Authement admitted that he possessed a Remington Wingmaster Model 870 which was evidence in the James Bryan (Bryan) case, a criminal matter in Terrebonne Parish which arose from a shooting at Bryan's home. According to Authement, he took possession of this gun after Malbrough informed him that Bryan did not want the gun back because he was afraid his wife would use it to shoot him. Thus, Authement sought and received permission from Sheriff Rozands to take possession of the gun. He obtained the gun from Malbrough, but never *717 signed it out because Malbrough never brought him the papers to sign. He kept the gun at his house until he was instructed by Sheriff Rozands to return the gun to the office. However, during the time he possessed the weapon, Authement allowed his son Andy to use the gun to qualify in his job as a deputy sheriff and to carry the gun in the police car when Andy patrolled at night. Authement did not feel he had done anything wrong.
Malbrough and Bryan testified regarding the facts surrounding Authement's possession of the Bryan weapon. Their testimony conflicted with Authement's testimony in several respects.
Bryan testified that he never received notice that his gun was removed from the evidence locker, nor did he give permission for the removal. However, Bryan acknowledged that he never tried to retrieve the gun between the time it was seized after the shooting incident in October 1985, and December of 1986, when he read in the paper about the alleged unauthorized use of seized weapons by sheriff's office personnel. The article in the paper prompted Bryan to inquire with the sheriff's office about the location of his gun.
Regarding the release of the Bryan gun to Authement, Malbrough did not recall meeting or speaking with Bryan. Accordingly, Malbrough denied that Bryan told her he did not want his gun back. Malbrough admitted that she released the gun to Authement, but testified that Authement himself authorized the release of the gun. She did not have a destruction or forfeiture order from a court with respect to the gun. However, Malbrough admitted that in the past, Authement was authorized to orally order the release of evidence and that she had released weapons upon the oral order of Authement. Malbrough acknowledged that the release form for the gun indicated it was released to Authement, but noted that it was not signed by Authement. Malbrough did not know if she specifically asked Authement to sign the release, although she specifically recalled personally giving the gun to Authement. Additionally, Malbrough was unable to deny that Authement asked her to prepare the release form for the gun and to call him when it was ready so Authement could sign the release.
Authement also testified that he received permission from Sheriff Rozands to check out a gun for his son Andy to use while hunting. The gun was a Remington 1100. Authement acknowledged he had no written authorization from Sheriff Rozands to take the Remington 1100. However, Red Walling, a sheriff's office employee, informed Authement that the weapon had been cleared which meant it was okay to check it out.
There were two permissible views of the evidence on the issue of whether Authement's possession of these two weapons for personal use was authorized by Sheriff Rozands and whether it was with the permission of the owners of the weapons. Because the trial court could have found the guns were taken by Authement with authority, we cannot say the trial court was manifestly erroneous in its finding that Authement was in good faith. Thus, this argument lacks merit.

Disposal of evidence:
Appellant contends that Authement illegally disposed of certain weapons which were improperly removed from evidence. Appellant supports his contention with the testimony of two Louisiana State Wildlife Agents and one Louisiana State Trooper. During the state's rebuttal at the criminal trial, these three men testified about a statement they allegedly obtained from Authement's son, Andy, that his father had to dump or "get rid of" weapons and disposed of them in a bayou. Accordingly, appellant contends that Authement disposed of these weapons in a bayou. However, Andy testified that his father never disposed of any weapons or informed him of taking any such actions. Andy also denied telling the agents and trooper that his father had disposed of weapons. This specific allegation about the disposal of weapons in a bayou was raised and addressed by the state during its rebuttal. The state had failed to question Authement about this specific allegation during its cross-examination. Instead, the state merely inquired whether Authement ever disposed of any weapons *718 after the charges were filed against him. Authement replied "[n]ever."
Clearly, the record reveals a conflict in the testimony regarding whether Authement disposed of any weapons. Accordingly, as the trial court could have believed that Authement did not dispose of weapons, we cannot say it erred in concluding that Authement was in good faith. This argument lacks merit.

COURSE AND SCOPE OF EMPLOYMENT
Appellant argues that Authement was not acting in the course and scope of his employment when he removed weapons from the evidence lockers for his personal use. The trial court, in finding that Authement was entitled to attorney's fees under LSA-R.S. 42:1442, implicitly found that Authement was acting in the course and scope of his employment when he removed the weapons for personal use. In light of our review of the record, including evidence that the removal was with the permission of Sheriff Rozands and that such an act was a regular and generally accepted occurrence in the Terrebonne Parish Sheriff's Office, we cannot say the trial court erred in this finding. Accordingly, this assignment of error is without merit.

CONCLUSION
For the reasons set forth in this opinion, the judgment of the trial court is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as Judge Pro Tempore by special appointment of the Louisiana Supreme Court.
[2] Rozands died prior to trial. Songe was tried with Authement and found guilty; however, on appeal, Songe's conviction was vacated. Songe also filed a petition for attorney's fees and judgment was rendered in his favor. Appellant also filed an appeal from the judgment in favor of Songe, which appeal was subsequently dismissed pursuant to a joint motion of the parties.
[3] Authement's counsel in the criminal proceedings filed a petition of intervention in Authement's suit to recover attorney's fees. The judgment granting Authement attorney's fees in the amount of $100,000 also ordered that the intervention of Authement's criminal counsel be recognized to the extent of $100,000. However, the recognition of the intervention is not at issue in this appeal.
[4] We note that the transcript of the criminal trial references numerous exhibits which include different evidence release forms. However, these exhibits were not made a part of the record on appeal.