CARTER, Judge.
This is an appeal from a judgment dismissing a petition for a writ of mandamus.
BACKGROUND
Appellant, Aubrey Authement, (Authement), was indicted for numerous counts of malfeasance in office. These counts were later amended by a bill of information filed by the Terrebonne Parish District Attorney’s Office. At the time of .the indictment, Authement was the Chief of Detectives for the Terrebonne Parish Sheriffs Office. After a trial by jury, Authement was found guilty of malfeasance in office. However, on appeal, this court set aside the conviction, finding that the bill of information and responses to Authement’s bill of particulars did not adequately inform Authement of the nature and cause of the accusations against him. See State v. Authement, 532 So.2d 869 (La.App. 1st Cir.1988). The district attorney did not amend the bill of information and accordingly, it did not re-institute prosecution against Authement for the charges. Accordingly, Authement successfully had the indictment and bill of information quashed.
In 1994, Authement filed a suit against appellee, Jerry J. Larpenter, Sheriff of Ter-rebonne Parish (Larpenter), for attorney’s fees pursuant to LSA-R.S. 42-.1442.[2] Through this suit, Authement sought to recover the attorney’s fees he incurred in the defense of the criminal charges brought against him. The trial court found that Authement satisfied all of the requirements of LSA-R.S. 42:1442 and thus, awarded Authement attorney’s fees in the amount of $100,000. The same judgment also ordered that the intervention filed by Authement’s criminal counsel be recognized to the extent of $100,000. Larpenter devolutively appealed the attorney’s fees judgment.
FACTS
Because Larpenter’s appeal from the attorney’s fees judgment was devolutive, Authement attempted to collect the judgment from Larpenter. However, Larpenter refused to pay the judgment, asserting that the constitutional provisions of LSA-Const. |3art. 12, § 10, prohibited the seizure of public property or public funds to satisfy judgments rendered against it. Accordingly, Authement filed a petition for writ of mandamus, through which he sought an order from the trial court directing Larpenter to pay the judgment. After a hearing, the trial court dismissed the petition for writ of mandamus. Authement sought a supervisory writ with this court from the dismissal of his petition. The writ was denied with orders from this court that Authement be allowed to file an appeal from the judgment,[3] which appeal is the subject of this opinion. In his only assignment of error, Authement asserts that *720 the trial court committed legal error in dismissing the petition for writ of mandamus which sought “to order a Louisiana Sheriff to pay a lawful final judgment of the District Court.”
ANALYSIS
Pursuant to LSA-Const. art. 12, § 10, a political subdivision is not immune from suit and liability in contract or for injury to person or property. LSA-Const. art. 12, § 10 provides in pertinent part:
(A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
* * * * * *
(C) Limitations; Procedure; Judgments. Notwithstanding Paragraph (A) or (B) or any other provision of this constitution, the legislature by law may limit or provide for the extent of liability of ... a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages. It shall provide a procedure for suits against ... a political subdivision and provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims. No judgment against ... a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered.
At the hearing on the petition for writ of mandamus, Authement argued that the constitutional prohibition against the seizure of public property or public funds did not bar him from seeking the issuance of a writ of mandamus to the sheriff, ordering it to pay the attorney’s fees judgment. He argued that the legislature enacted LSA-C.C.P. art. 3862, which authorizes the use of writs of mandamus, to comply with its constitutional mandate to provide for the effect of a judgment rendered against a political subdivision. Moreover, Authement asserted that a writ of mandamus which ordered the sheriff to pay the judgment would not be the equivalent of a constitutionally prohibited seizure of public property or funds because the legislature specifically provided a directive in LSA-R.S. 42:1442 that the sheriff “shall” pay this judgment. According to Authement, this mandatory directive by the legislature is contained in the following sentence from LSA-R.S. 42:1442: “Reimbursement shall be from the governing authority by whom the officer was employed at the time of the alleged crime.”
Larpenter opposed the petition for writ of mandamus, arguing that the issuance of said writ ordering it to pay the judgment would be the equivalent of a seizure of its property, which property is protected from seizure by the Louisiana Constitution.
The trial court, in its- reasons for judgment, followed the holding of Jones v. Traylor, 94-2520 (La.App. 4th Cir. 8/23/95); 660 So.2d 933, writ denied, 95-2320 (La.12/15/95); 664 So.2d 453, and ruled that a mandamus directed to the sheriff to pay the judgment would be tantamount to a seizure of public funds in violation of LSA-Const. art. 12, § 10. The trial court also rejected Authement’s argument that the use of the word “shall” in LSA-R.S 42:1442 elevated a judgment rendered pursuant to that statute to a higher status than a judgment rendered in a tort suit against a political subdivision.
We agree with the findings of the trial court. As noted by the trial court in its reasons for judgment, this issue was addressed in Jones v. Traylor, 660 So.2d at 935, wherein the fourth circuit found that a mandamus ordering a sheriffs department to pay a tort judgment rendered against it pursuant to LSA-C.C. art. 2315 would be the equivalent of a seizure of public funds, which seizure was prohibited by the Louisiana Constitution. We agree with the rationale of Jones and fail to see any significant distinction between it and the present ease.
IsThe language in LSA-R.S. 42:1442 that reimbursement “shall be from the [sheriffs office]” is not a provision by the legislature for the “effect of judgments” rendered against a political subdivision. Instead, this *721 language merely dictates the entity against which a judgment awarding attorney’s fee pursuant to LSA-R.S. 42:1442 shall be rendered. We do not believe that the legislature intended LSA-R.S. 42:1442 to specifically authorize a procedure to provide for the payment of a final judgment against a political subdivision. Cf. Felix v. St. Paul Fire and Marine Insurance Company, 477 So.2d 676, 682 (La.1985) (finding that LSA-R.S. 40:1299.44(B), a statutory provision of the Medical Malpractice Act, was a specifically authorized procedure by the legislature to provide for payment of a final judgment against the Patients’ Compensation Fund). Accordingly, we agree with Jones, 660 So.2d 933, that to order the issuance of a writ of mandamus directing Sheriff Larpenter to pay the judgment rendered in favor of Authement would be the equivalent of a seizure of sheriff’s office funds, which seizure is specifically prohibited by our constitution. See also Landry v. City of Erath, 628 So.2d 1178, 1180 (La.App. 3rd Cir.1993), writ denied, 94-0275 (La.3/25/94); 635 So.2d 235 (appellate court affirmed trial court’s refusal to issue a writ of mandamus to compel a city to pay a tort judgment rendered against it); Penalber v. Blount, 405 So.2d 1378, 1379 (La.App. 1st Cir.), writ denied, 407 So.2d 1189 (La.1981) (appropriation of funds by a public body is a discretionary and not ministerial duty, and cannot be compelled by writ of mandamus).
CONCLUSION
For the reasons set forth in this opinion, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Authement.
AFFIRMED.

. The detailed facts regarding the criminal charges, conviction and petition for attorney’s fees are set forth in a separate opinion, also handed down this date, which opinion addresses a separate appeal by Larpenter of the judgment awarding attorney’s fees to Authement. See Authement v. Larpenter, 97-0579 consolidated with 97-0580 (La.App. 1st Cir. 5/15/98), 713 So.2d 712.

. In response to Authement’s writ application, this court ruled that the judgment dismissing the petition for writ of mandamus was a final and appealable judgment. Thus, Authement’s proper remedy was by review on appeal. Accordingly, this court ordered that the case be remanded to the trial court with instructions to grant Authement an appeal. See Authement v. Larpenter, 97 CW 0870 (La.App. 1st Cir. 6/27/97).