**HEARD:** September 2, 1010
**CIRCULATED:** September 3, 1010
**PANEL:** BHE #1; SJG #2; JCP #3
**RECOMMEND:** Publish

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**CA 10-280**

**RICHARD J. HEATH**

**VERSUS**

**CITY OF ALEXANDRIA, LOUISIANA**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 230,927
HONORABLE HARRY FRED RANDOW, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Gregory R. Aymond**
**P. O. Box 5503**
**Alexandria, LA 71307-5503**
**(318) 445-3618**
**Counsel for Plaintiff/Appellant:**
**Richard J. Heath**

**Lewis Olivier Lauve, Jr.**
**Special Assistant Attorney General**
**P. O. Box 307**
**Alexandria, LA 71309-0307**
**(318) 449-1937**
**Counsel for Defendant/Appellee:**
**City of Alexandria**

**EZELL, JUDGE**.

In this case, Richard Heath appeals the decision of the trial court issuing a protective order limiting the scope of his judgment debtor examination against the City of Alexandria ("the City"). For the following reasons, we hereby affirm the decision of the trial court.

During the course of a suit against the City, Mr. Heath filed a separate suit seeking documents connected with the original suit via Louisiana Public Records law. Mr. Heath was awarded court costs and $2,500 in attorney fees by this court on May 6, 2009. The City paid Mr. Heath's costs but did not allocate funds to pay his attorney fees, causing Mr. Heath to file a motion to examine judgment debtor and a motion for contempt of court, seeking to compel the City to pay the remainder of the judgment. The City filed a motion to quash and, alternatively, a motion for a protective order limiting the scope of Mr. Heath's judgment debtor exam.

After a hearing on September 25, 2009, the trial court denied the City's motion to quash, but granted its protective order, limiting the scope of the judgment debtor exam to the issue of whether the City had specifically allocated funds for the payment of the judgment issued by this court. From that decision, Mr. Heath appeals.

On appeal, Mr. Heath asserts five assignments of error. He first claims that the trial court erred "in ruling that the prohibitions contained within Louisiana Constitution Article 12, § 10(C) against collecting a judgment by this Court for a Public Records violation against a municipality ruled over this matter rather than Louisiana Constitution Article 12, § 3." He also asserts that the trial court erred in granting the City a continuance ex parte, in quashing a subpoena duces tecum ex parte, in allowing no testimony from witnesses, and in ruling that a La.Code Evid. art. 508 hearing would be moot. For the following reasons, we hereby affirm the

1

decision of the trial court.

Louisiana Constitution Article 12 §3 reads "No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." The Louisiana Public Records Law goes on to state that "any person of the age of majority may inspect, copy, or reproduce any public record." La.R.S. 44:31. Louisiana Revised Statutes 44:35 enforces that provision as follows:

> A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter . . . may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
>
> . . .
>
> D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.

However, La.Const. art. 12, § 10 (C) states that "No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered." The issue of enforcement of money judgments against the state or its political subdivisions has been addressed several times. The most recent discussion of this issue by our supreme court was in *Newman Marchive Partnership, Inc. v. City of Shreveport*, 07-1890 (La. 4/8/08), 979 So.2d 1262. In *Newman*, the court explained:

> The constitution allocates the judiciary some power over the other branches through article XII, section 10(A), where it waives the State's immunity in suits in contract and tort. *See Jones v. City of Baton Rouge*, 388 So.2d 737, 740 (La.1980). Thus, the judicial branch is empowered to render judgments against the state. *Hoag*, 2004-0857, pp. 4-5, 889

2

So.2d at 1022.  However, the constitution does not provide the judiciary with the ability to execute those judgments.  The constitution reserves that power to the legislature:

> [The legislature] shall provide a procedure for suits against the state, a state agency, or a political subdivision and provide for the effect of a judgment, *but no public property or public funds shall be subject to seizure*.  The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims.  *No judgment against* the state, a state agency, or *a political subdivision shall be exigible, payable or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered."

La. Const. art. XII, § 10(C) (emphasis added).  The legislature largely parroted this language when it enacted LSA-R.S. 13:5109(B)(2):

> *Any judgment rendered in any suit filed against* the state, a state agency, *or a political subdivision*, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit *shall be exigible, payable, and paid only* out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or *out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision.*

(emphasis added).

Admittedly, article XII creates a frustrating dichotomy for the state's judgment creditors.  As one commentator remarked, "the apparent liberality of abolishing most immunity from suit was offset by the continuation of a severe limitation on a private citizen's ability to enforce a judgment against the state, a state agency, or a local governmental entity."  Lee Hargrave, "*Statutory" and "Hortatory" Provisions of the Louisiana Constitution of 1974*, 43 La. L.Rev. 647, 653 (1983).  Still, the combined effect of article XII, section 10(C) and LSA-R.S. § 13:5109(B)(2) is clear.  Judgments against a political subdivision of the State may only be paid "out of funds appropriated for that purpose by the named political subdivision,"  LSA-R.S. 13:5109(B)(2); *Hoag*, 2004-0857, p. 5, 889 So.2d at 1023, and under no circumstance shall "public property or public funds . . . be subject to seizure,"  La. Const. art. XII, § 10(C).

In *Hoag v. State*, we noted that Louisiana courts have repeatedly held that judgment creditors cannot compel political subdivisions to appropriate funds for the payment of a judgment rendered against that subdivision through a writ of mandamus. 2004-0857, pp. 5-6, 889 So.2d

at 1023 (*citing Jones v. Traylor*, 94-2520 (La.App. 4 Cir. 8/23/95), 660 So.2d 933; *Landry v. City of Erath*, 628 So.2d 1178 (La.App. 3 Cir.1993); *Dep't of Transp. & Dev. v. Sugarland Ventures, Inc.*, 476 So.2d 970 (La.App. 1 Cir.1985); *Fontenot v. State*, 358 So.2d 981 (La.App. 1 Cir.1978), *rev'd on other grounds*, 355 So.2d 1324 (La.1978)). The *Hoag* court observed that mandamus "is an extraordinary remedy, to be applied where ordinary means fail to afford adequate relief," and that "the only circumstances under which courts may cause a writ of mandamus to issue is where the actions sought to be performed by the legislature are purely ministerial in nature." *Id.* at p. 6, 889 So.2d at 1023 (*citing* La.Code Civ. Proc. art. 3863 et seq.). We further stated that a "ministerial duty" is one in which "no element of discretion is left to the public officer," in other words, "a simple, definite duty, arising under conditions admitted or proved to exist, and imposed by law." *Id.* at p.7, 889 So.2d at 1024 (*citing Franklin v. Massachusetts*, 505 U.S. 788, 112 S.Ct. 2767, 120 L.Ed.2d 636 (1992); *Felix v. St. Paul Fire & Marine Ins. Co.*, 477 So.2d 676, 682 (La.1985); further citations omitted). In light of this standard, we concluded that the very act of appropriating funds is discretionary, making a writ of mandamus in this context an "impermissible usurpation of legislative power by the judiciary." *Id.* at pp. 7-8, 889 So.2d at 1024-25.

*Newman*, 979 So.2d at 1265-66 (footnote omitted)(alteration in original).

Mr. Heath makes a blanket assertion that La.Const. art. 12, § 10(C) would render the Public Records Law useless, while providing no legal support for his assertion and ignoring the clear pronouncements of the supreme court on the issue of the enforcement of judgments against the State and its subdivisions. The admitted "frustrating dichotomy" created by La.Const. art. 12, § 10(C) renders the Louisiana Public Records Law no more useless than it renders tort or contract suits against the State, and the trial court was correct in applying La.Const. art. 12, § 10(C) in this case, in accordance with *Newman*. This assignment of error is devoid of any merit.

Our finding on this issue renders Mr. Heath's other assignments of error moot, as any prejudice he may have suffered as a result of the ex parte continuance is rendered harmless by our ruling. Moreover, the matter before both the trial court and this one is a strictly legal issue, and no witness testimony of any kind, nor any documents produced or maintained by the City would affect our finding in any way.

4

Accordingly, Mr. Heath's remaining assignments of error need not be addressed.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Heath.

**AFFIRMED.**